UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ADOMNI, INC.,                                            :

        Plaintiff-Counterclaim Defendant,    :       23-CV-10338 (DEH)

        -against-                                         :

CT MEDIA, LLC,                                           :

        Defendant-Counterclaim Plaintiff.     :
------------------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and the stipulation and agreement of the parties,

IT IS HEREBY ORDERED, that the terms and conditions of this Protective Order shall control the handling of all confidential information, documents, and things exchanged in this litigation:

1.    Any documents, electronic data, answers to interrogatories or document requests, deposition transcripts or portions thereof, responses to requests for admissions, affidavits, exhibits or any other material or tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure (hereinafter "Material") provided by either party to any other party during the pendency of this action may be designated and marked, in whole or in part, "Confidential" by counsel for the party producing such Material at the time of its production.  All material designated "Confidential" is hereafter referred to as "Confidential Discovery Material."  The producing party may apply such designations as to Material that it reasonably believes in good faith contain proprietary information, trade secrets, or confidential research, development, or business information.  Confidential Discovery Material shall not be used by the receiving party for any purpose whatsoever other than preparing for and conducting the litigation of this case.

Third parties who produce or disclose Material in this action may also so designate, and thereby avail themselves of the protections of this Order, if they agree to be bound by its terms and conditions.

    2.    To the extent that Material is marked Confidential, such material shall only be revealed to or used by the following persons:

    (a)    outside counsel employed by any party to assist in the action, in-house counsel of the parties, and their respective paralegals and administrative staff who are assisting in this action;

    (b)    the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for purposes of assisting in this action;

    (c)    any outside consultant or expert who is assisting counsel or a party to the action, to whom it is necessary to disclose the relevant Material for the sole purpose of assisting in, or consulting with respect to, the preparation of this action, who has first read and signed the Non-Disclosure Undertaking attached as an exhibit to this Order.  Counsel shall retain a signed copy of each signed Non-Disclosure Undertaking;

    (d)    the Court and any members of its staff to whom it is necessary to disclose the Material for the purpose of assisting the Court in this action;

    (e)    stenographic employees and court reporters recording or transcribing testimony relating to this action;

    (f)    any witness or deponent if it appears that the witness authored or received a copy of it or is employed by the party who produced the information; and

    (g)    outside vendors who perform microfilming, photocopying, computer classification, professional jury or trial consultants, trial support personnel, litigation

support services, or similar functions, but only for so long as necessary to perform those services.

3.     Material designated Confidential shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted to receive disclosure of such Confidential Discovery Material pursuant to this Order.  Any copies of such Confidential Discovery Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential, and the same terms regarding confidentiality of these materials shall apply to the originals.

4.     Nothing in this Order shall constitute a waiver of a party's right to object to the production of Material or to demand more stringent restrictions upon the treatment and disclosure of any Material on the ground that it contains particularly sensitive or proprietary information.  Any party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Material, including the use of such material in submissions to the Court or at any hearing or trial.  Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

5.     Any party may contest a claim of confidentiality.  If a receiving party disagrees with the designation of any Material as Confidential, the parties shall first try to resolve their dispute on an informal basis.  If an agreement cannot be reached between counsel, the parties' dispute shall be presented to the Court for resolution.  The parties agree to maintain the confidentiality of any such Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

6. The subject matter of all depositions given in connection with this action and the original and all copies of the transcripts of any such depositions shall be deemed to be Confidential for a period ending 30 days after the transcript is received by counsel. On or before the 30th day after any deposition transcript is received by counsel, such transcript may be designated and marked, in whole or in part, Confidential by counsel for the disclosing party, and the portions of the transcript of the deposition so marked shall be subject to the provisions of this Order. Such designation may be made by any of the following means:

(a) stating orally on the record, with reasonable precision as to the affected testimony, during the taking of the deposition, that the information is Confidential, in which case the court reporter shall mark each page so designated accordingly.

(b) sending written notice to all other parties, designating, by page and line, the portions of the transcript to be treated as Confidential, whereupon the parties shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody, or control.

7. If at any time prior to the trial of this action, a producing party realizes that some portion[s] of the Material that the party previously produced should be designated as Confidential, the party may so designate by so advising all parties in writing, and such designated portion[s] of the Material will thereafter be treated as designated. If at any time a producing party realizes that Confidential Discovery Material should not have been so designated or no longer qualifies for such designation, the party shall promptly inform counsel for the non-producing party and shall produce copies of the Material without such designation.

8. Any pleadings, responses to requests for discovery, motions or other documents filed with the Court that disclose any Confidential Discovery Material shall be filed under seal

by the filing party to the extent permitted by Judge Ho's individual rules and practices, and the parties shall follow the applicable procedures outlined in Judge Ho's individual rules and practices with respect to seeking to file such Confidential Discovery Material under seal.

9. After this action is completed, including all appeals, counsel for all parties shall destroy or return all Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the parties have retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

10. Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated "Confidential."

11. Nothing in this Order shall be deemed to prohibit disclosure of Confidential Discovery Material to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Material by the party producing such Material.

12. The inadvertent or unintentional  disclosure of Material that is subject to a legitimate claim that the document is protected by the attorney-client privilege, work product doctrine, or is otherwise confidential, shall not constitute an admission by the producing party,

and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

13. Except in the event that the receiving party disputes the claim, any Material the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege, the work product protection, or is otherwise confidential, shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the receiving party for the exclusive purpose of seeking judicial determination of the matter pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

14. Neither the termination of this litigation nor the termination of employment of any person who had access to any Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material pursuant to this Order.

The parties, by their undersigned counsel, stipulate to the foregoing, and consent to the entry of the above Protective Order.

Dated: New York, New York  
       April 1, 2024

COWAN, LIEBOWITZ & LATMAN, P.C.  
Attorneys for Plaintiff

By: _____  
    Richard S. Mandel  
114 West 47th Street  
New York, New York 10036  
(212) 790-9200

6

32240/003/4602242.1

| | |
|---|---|
| Dated: New York, New York<br>April 1, 2024 | OLENDERFELDMAN LLP<br>Attorneys for Defendant<br><br>By: _*Sean Rose*_____<br>   Howard A. Matalon<br>   Sean Rose<br>1180 Avenue of the Americas<br>New York, New York 10036<br>(908) 964-2424 |

SO ORDERED this 1st
day of  April    , 2024

_____
Hon. Dale E. Ho
United States District Judge
New York, New York

The parties are reminded that the Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.