UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
ADOMNI, INC.,                                    :

        Plaintiff,                        :   23-CV-10338 (DEH)

   -against-                                    :

CLARETRUST MEDIA, LLC and                        :   **ANSWER TO FIRST AMENDED COUNTERCLAIM**
CT MEDIA, LLC,                                   :

        Defendants.                       :

---------------------------------------------------------------------x
CLEARTRUST MEDIA, LLC,                           :

        Counterclaim-Plaintiff,           :

   -against-                                    :

ADOMNI, INC.,                                    :

        Counterclaim-Defendant.           :
---------------------------------------------------------------------x

      Plaintiff-Counterclaim Defendant Adomni, Inc. ("Adomni"), by its attorneys, Cowan, Liebowitz & Latman, P.C., as and for its Answer to the First Amended Counterclaim of Defendant-Counterclaim Plaintiff Cleartrust Media, LLC ("CTM"), hereby alleges as follows:

      1.    Admits the allegations contained in paragraph 1 of the Counterclaim.

      2.    Admits the allegations contained in paragraph 2 of the Counterclaim.

      3.    Admits the allegations contained in paragraph 3 of the Counterclaim.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaim.

      5.    Admits the allegations contained in paragraph 5 of the Counterclaim.

6. Denies the allegations contained in paragraph 6 of the Counterclaim, except admits that in March 2023 CTM and Adomni discussed entering into, and ultimately did enter into, a business relationship wherein CTM would utilize Adomni's platform at agreed pricing on behalf of new clients to be developed by CTM and initially two existing Adomni contacts.

7. Denies the allegations contained in paragraph 7 of the Counterclaim, except admits that as part of the negotiations of the Media Services Agreement, the parties agreed to terms requiring ninety (90) days' notice for termination but also permitting Adomni full discretion to revoke access to specific CTM individuals or affiliates (contractors and subcontractors) for any reason.

8. Denies the allegations contained in paragraph 8 of the Counterclaim, except admits that the parties agreed to terms in the Media Services Agreement providing ninety (90) days' notice for termination but also permitting Adomni full discretion to revoke access to specific CTM individuals or affiliates (contractors and subcontractors) for any reason.

9. Denies the allegations contained in paragraph 9 of the Counterclaim, except admits that the parties executed the MSA on April 7, 2023.

10. Denies the allegations contained in paragraph 10 of the Counterclaim, except respectfully refers the Court to the MSA, which among other things provided for Adomni to make available to CTM a service through which CTM could purchase advertising inventory on digital out-of-home screens on behalf of CTM's clients and which document otherwise speaks for itself with respect to the specific terms stated therein

11. Denies the allegations contained in paragraph 11 of the Counterclaim, except respectfully refers the Court to the MSA, which describes services available to CTM with respect to assistance in planning, structuring and managing reporting for ad campaigns run by CTM and which document otherwise speaks for itself with respect to the specific terms stated therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaim.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Counterclaim insofar as they relate to insertion orders that may or may not have been specifically obtained by CTM, but admits that insertion orders in general contain details and parameters of a client's advertising campaign.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaim, except admits that pursuant to the MSA, CTM would place insertion orders with Adomni providing campaign details.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaim, except admits that CTM would provide Adomni with PMPs generated through another party, Talon Outdoor.

16. Denies the allegations contained in paragraph 16 of the Counterclaim, except admits that Adomni would coordinate a plan for the campaign based upon the parameters approved by the advertiser.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaim, except admits that Adomni would plan campaigns for CTM based upon the insertion orders submitted and pricing and inventory availability and provide a plan to CTM.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Counterclaim, except admits that CTM would give

the "green light" to Adomni to start ad campaigns in response to a plan developed by Adomni based upon CTM's insertion order and pricing and inventory availability.

20. Denies the allegations contained in paragraph 14 of the Counterclaim, except admits that Adomni would manage campaigns and report progress and outcomes to CTM and/or the agency of record.

21. Denies the allegations contained in paragraph 21 of the Counterclaim.

22. Denies the allegations contained in paragraph 22 of the Counterclaim.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Counterclaim, except admits that pursuant to the MSA, Adomni would bill CTM for its services and the media cost on a calendar monthly basis for all activity during the prior calendar month.

24. Denies the allegations contained in paragraph 24 of the Counterclaim.

25. Denies the allegations contained in paragraph 25 of the Counterclaim, except admits that pursuant to the MSA, CTM was responsible to pay all invoices within 60 days of the invoice date, except that if proceeds had not cleared to CTM from specific buyers for certain impressions placed in accordance with the MSA, CTM would not be responsible or liable for such payments until such time as the proceeds had cleared from the applicable buyers to CTM.

26. Denies the allegations contained in paragraph 26 of the Counterclaim, except admits that CTM placed insertion orders with Adomni in 2023 in connection with two advertising campaigns on behalf of Hershey and State Farm.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Counterclaim.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaim.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Counterclaim, except admits that CTM placed an insertion order with Adomni on behalf of a client which was already a party to an existing Media Services Agreement with Adomni, Butler/Till, with respect to a campaign for State Farm in the amount of approximately $200,000 set to begin in May 2023.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaim.

31. Denies the allegations contained in paragraph 31 of the Counterclaim, except admits that Adomni planned the campaign for State Farm based upon the insertion order submitted and pricing and inventory availability and submitted the plan to CTM.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Counterclaim.

33. Admits the allegations contained in paragraph 33 of the Counterclaim.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Counterclaim, except admits that Adomni managed the campaign, outcomes and reporting and provided documentation of such to CTM and Butler Till.

35. Denies the allegations contained in paragraph 35 of the Counterclaim, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether CTM maintained communication with State Farm in relation to the State Farm Campaign.

36. Admits the allegations contained in paragraph 36 of the Counterclaim.

37. Admits the allegations contained in paragraph 37 of the Counterclaim insofar as CTM sent an invoice to Butler Till for the same amounts billed CTM by Adomni, merely changing the name on the invoice from Adomni to CTM, with no mark-up or profit for CTM's services.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Counterclaim, except admits that pursuant to the MSA, CTM was responsible to pay all Adomni's invoices within 60 days of the invoice date, except that if proceeds had not cleared to CTM from specific buyers for certain impressions placed in accordance with the MSA, CTM would not be responsible or liable for such payments until such time as the proceeds had cleared from the applicable buyers to CTM.

39. Denies the allegations contained in paragraph 39 of the Counterclaim.

40. Denies the allegations contained in paragraph 40 of the Counterclaim.

41. Denies the allegations contained in paragraph 41 of the Counterclaim, except admits that Butler Till authorized advertising to run throughout the year for State Farm, including after Butler Till decided that it preferred to work directly with Adomni.

42. Denies the allegations contained in paragraph 42 of the Counterclaim, except admits that CTM had provided information to Adomni from the outset of Butler Till's plan to run State Farm advertising throughout the year.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Counterclaim, except admits that Butler Till advised Adomni that it preferred to work directly with Adomni and to be invoiced through Adomni.

44. Denies the allegations contained in paragraph 44 of the Counterclaim, except admits that Adomni billed Butler Till directly, per its request, for advertising placed through Adomni.

45. Denies the allegations contained in paragraph 45 of the Counterclaim, except admit that Adomni got paid by Butler Till for the State Farm advertising placed through Adomni.

46. Denies the allegations contained in paragraph 46 of the Counterclaim, except admits that Adomni did not inform CTM of the payment made by Butler Till, which was for the same amount Adomni had invoiced CTM and thus did not deprive CTM of any profit or monies to which it was entitled.

47. Denies the allegations contained in paragraph 47 of the Counterclaim, except admits that Adomni communicated with Butler Till in July 2023 to inform it that Adomni would no longer be working with CTM following CTM's improper actions as described in the First Amended Complaint in this action, and that Butler Till advised Adomni that it preferred to work directly with, and be billed by, Adomni for the advertising being placed in connection with the State Farm campaign.

48. Denies the allegations contained in paragraph 48 of the Counterclaim.

49. Denies the allegations contained in paragraph 49 of the Counterclaim.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Counterclaim.

51. Denies the allegations contained in paragraph 51 of the Counterclaim.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Counterclaim, except admits that CTM placed an

insertion order with Adomni for an advertising campaign on behalf of Horizon Media's client, Hershey.

53. Denies the allegations contained in paragraph 53 of the Counterclaim, except admits that Adomni terminated the MSA on July 21, 2023 after the Hershey Campaign had already run.

54. Admits the allegations contained in paragraph 54 of the Counterclaim, except further alleges that pursuant to the MSA, Adomni invoked its absolute right to revoke access to its system to Steven Van Blarcom, the only authorized CTM user.

55. Denies the allegations contained in paragraph 55 of the Counterclaim, except admits that pursuant to the MSA, Adomni invoked its absolute right to revoke access to its system to Steven Van Blarcom.

56. Denies the allegations contained in paragraph 56 of the Counterclaim.

57. Denies the allegations contained in paragraph 57 of the Counterclaim.

58. Denies the allegations contained in paragraph 58 of the Counterclaim.

59. Denies the allegations contained in paragraph 59 of the Counterclaim.

60. Adomni repeats and realleges its responses to paragraphs 1-59 above with the same force and effect as if set forth fully herein.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Counterclaim.

62. Denies the allegations contained in paragraph 62 of the Counterclaim.

63. Denies the allegations contained in paragraph 63 of the Counterclaim.

64. Denies the allegations contained in paragraph 64 of the Counterclaim.

65. Denies the allegations contained in paragraph 65 of the Counterclaim.

66. Adomni repeats and realleges its responses to paragraphs 1-65 above with the same force and effect as if set forth fully herein.

67. Admits the allegations contained in paragraph 67 of the Counterclaim.

68. Denies the allegations contained in paragraph 68 of the Counterclaim.

69. Denies the allegations contained in paragraph 69 of the Counterclaim.

70. Denies the allegations contained in paragraph 70 of the Counterclaim.

71. Adomni repeats and realleges its responses to paragraphs 1-70 above with the same force and effect as if set forth fully herein.

72. Admits the allegations contained in paragraph 72 of the Counterclaim.

73. No response is required to paragraph 73 of the Counterclaim, which calls for a legal conclusion. To the extent any response is required, Adomni denies that there has been any breach of any implied covenant of good faith and fair dealing that may exist with respect to the parties' contractual relationship.

74. No response is required to paragraph 74 of the Counterclaim, which calls for a legal conclusion. To the extent any response is required, Adomni denies that it acted in violation of any provision of the MSA or any covenant of good faith and fair dealing that may exist with respect to the parties' contractual relationship by revoking access to its system, as permitted by the MSA and otherwise denies the allegations contained in this paragraph.

75. Denies the allegations contained in paragraph 75 of the Counterclaim.

76. Denies the allegations contained in paragraph 76 of the Counterclaim.

77. Denies the allegations contained in paragraph 77 of the Counterclaim.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

78. CTM's claim is barred by the unclean hands doctrine.

### SECOND DEFENSE

79. Upon information and belief, CTM suffered no damages from the acts complained of in the Counterclaim.

### THIRD DEFENSE

80. Any actions taken by Adomni that are the subject of the Counterclaim were privileged under the economic justification defense inasmuch as Adomni had a legitimate economic interest as a competitor and based on its own contractual relationship with the parties at issue to pursue business directly from such entities.

### FOURTH DEFENSE

81. Upon information and belief, CTM had no binding contractual relationship with the third parties at issue and/or any such relationships were at will in nature, thereby precluding any claim for tortious interference.

### FIFTH DEFENSE

82. CTM's claim for breach of the implied covenant of good faith and fair dealing cannot be used to prevent Adomni from exercising its right to revoke access to its system for any reason pursuant to the express terms of the MSA.

WHEREFORE, Adomni demands judgment as follows:

(a) Ordering that CTM takes nothing by way of its Counterclaim;

(b) Ordering that CTM's Counterclaim be dismissed with prejudice;

(c) Awarding Adomni costs and its reasonable attorneys' fees; and

  (d)  Granting such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
    June 21, 2024

              Respectfully submitted,

              COWAN, LIEBOWITZ & LATMAN, P.C.
              Attorneys for Plaintiff-Counterclaim Defendant
              Adomni, Inc.

           By: _____/s/ Richard S. Mandel_____
              Richard S. Mandel (rsm@cll.com)
              114 West 47th Street
              New York, New York 10036
              Tel: (212) 790-9200
              Fax: (212) 575-0671