UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADOMNI, INC., <br><br>                    Plaintiff, <br><br> v. <br><br> CT MEDIA, LLC, CLEARTRUST MEDIA LLC, <br><br>                    Defendants. | 23 Civ. 10338 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

Before the Court is Defendant CT Media, LLC and Defendant-Counterclaimant ClearTrust Media, LLC's (collectively, "CTM") motion to quash the three subpoenas Plaintiff Adomni, Inc. ("Adomni" or "Plaintiff") served on Place Exchange, Inc., Goldfish Ads LLC, and Talon America LLC (collectively, "the Subpoenas" and "the Recipients" respectively). For the reasons set forth below, CTM's motion to quash the Subpoenas is **DENIED**.

**BACKGROUND**

**I.      The Parties**

Adomni provides a service that enables its clients to buy digital advertising space, and CTM purchases advertising space for its clients. *See* First Amended Complaint ¶¶ 1–2, ECF No. 26 ("FAC"). Adomni brings this action for injunctive relief and to recover damages suffered because of CTM's alleged violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and its alleged misappropriation of trade secrets and tortious interference under New York state law. *Id.* ¶ 4. As relevant to the motion to quash, the tortious interference claim arises from two former Adomni employee's actions, Steven Van Blarcom and Lawrence Grella, and CTM's role in inducing their alleged breaches of non-disparagement and non-solicitation agreements with Adomni. *Id.* ¶¶ 37–38, 45–50.

1

## II.   The Subpoenas

On June 13, 2024, Adomni served the Subpoenas on Place Exchange, Goldfish, and Talon—three entities providing a platform to place digital advertising.  *See* CTM's Motion to Quash ("CTM Mot.") 1, ECF No. 34.  The Subpoenas seek the same materials from the three Recipients:

> Documents sufficient to identify all monthly advertising campaign spend details from April 2023 to the present for campaigns placed by or through Cleartrust Media LLC or CT Media LLC (collectively, "Cleartrust") on behalf of or for the benefit of any of the following entities:
>
> 1. Aki Technologies
> 2. Bottles Waiting
> 3. EMC Outdoor
> 4. Exverus Media
> 5. G4 Dental Enterprises
> 6. Haworth Media
> 7. The Hershey Company
> 8. Horizon Media
> 9. HP Inc.
> 10. Icon International
> 11. LA Chargers
> 12. Madwell
> 13. Nevada Gaming Partners
> 14. Noble People
> 15. Publicis Media
> 16. R&R Partners
> 17. Relevent Sports
> 18. Solve
> 19. Sportradar
> 20. Thorne
> 21. Tinuiti
> 22. Thrill One Sports and Entertainment
> 23. Well and Lighthouse
> 24. Williams-Sonoma
> 25. Wynn Resorts
> 26. WynnBet
> 27. Yosemite Consulting
> 28. Zeta

*See* CTM Mot. Exs., ECF Nos. 34-5, 34-7, 34-10

On July 5, 2024, CTM moved to quash the Subpoenas. *See* CTM Mot. On July 12, 2024, Adomni filed an opposition to the motion to quash. *See* Adomni Opp'n, ECF No. 37. CTM filed a reply in support of its motion on July 18, 2024. *See* CTM Reply, ECF No. 41. Under the Third Revised Civil Case Management Plan and Scheduling Order, fact discovery closed on October 30, 2024, and Adomni's expert disclosures were due November 13, 2024. *See* ECF No. 45.

## LEGAL STANDARDS

Motions to quash a subpoena are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "Federal Rule of Civil Procedure 45 permits a party to command a non-party to produce documents." *Cohen v. Grp. Health Inc.*, No. 22 Misc. 200, 2022 WL 4534552, at *2 (S.D.N.Y. Sept. 28, 2022) (citing Fed. R. Civ. P. 45(a)). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34[, which governs discovery between parties,] rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020).

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case, and the burden then shifts to the party opposing discovery to show that the information sought is privileged or unduly burdensome." *Cohen*, 2022 WL 4534552, at *2. "A subpoena that pursues material with little apparent or likely relevance to the subject matter [] is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (internal quotation marks omitted). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch.*

*Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018).  Within the Second Circuit, "courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013) (citation omitted).  Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon*, 336 F.R.D. at 69.

## DISCUSSION

In its motion to quash, CTM argues that: (1) it has standing to quash the Subpoenas; (2) the Subpoenas are overbroad and are not relevant; and (3) the Subpoenas seek "a plethora of confidential financial information about CTM's existing or potential client relationships."  CTM Mem. of Law in Supp. of Mot. 7–11, ECF No. 34-1 ("CTM Mem.").  Adomni, in turn, argues that CTM has no standing, and that "Adomni is entitled to pursue discovery necessary to prove its damages."  *See* Adomni Opp. 2, 4.

The Court first considers the threshold standing issue before proceeding to the merits.  The Court concludes that CTM has no standing, and that the balance of factors weighs in favor of denying CTM's motion to quash the Subpoenas.

**I.    Standing**

The Court must first address the threshold issue of standing, given Adomni's argument that CTM lacks standing to challenge the Subpoenas.  *See* Adomni Opp. 4–6.

Generally, "[a] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."  *Universitas Educ. LLC v. Nova Grp., Inc.*, No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).  But courts have recognized exceptions where the moving party has a personal privacy right or privilege in the subpoenaed documents.  *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a

4

claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *accord Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (same) (collecting authorities); *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) (recognizing an exception when there is a "claim of privilege or a proprietary interest in the subpoenaed matter"). When deciding whether a personal privilege or right exists, "[c]ourts should consider whether the information itself is private, confidential, privileged, or highly sensitive." *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2014 WL 5420225, at *4 (S.D.N.Y. Jan. 18, 2008) (internal quotation marks omitted).

Here, CTM argues that it has a privacy right because the customer list details "client relationship[s] maintained by CTM [which are] held to be proprietary." CTM Mem. 8. The Subpoenas request the Recipients to "identify all monthly advertising campaign spend details" from twenty-eight entities. *See* CTM Mot. Exs., ECF Nos. 34-5, 34-7, 34-10. As CTM describes, the Subpoenas "request documents evidencing the existence/non-existence and the value of any relationships CTM has . . . through the Recipients (who are competitors of Adomni)." CTM Mem. 8.

Customer lists are only afforded trade secret protection when it is "developed by a business through substantial effort and kept in confidence . . . provided the information it contains is not otherwise readily ascertainable." *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999); *accord Cont'l Indus. Grp., Inc. v. Altunkilic*, 788 F. App'x 37, 41 (2d Cir. 2019).

CTM has not provided evidence demonstrating that the list is a protectible trade secret. Moreover, the cases the movant relies on are inapposite because they concern documents that are financial records, such as bank statements. *See, e.g.*, *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (holding that a corporation has privacy interest in its bank records and has standing to challenge third-party

5

subpoena); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2014 WL 5420225, at *4–6 (S.D.N.Y. Oct. 24, 2014) (holding that tax returns, bank documents, and related documents give rise to a privacy interest and finding standing to challenge third-party subpoena).

Accordingly, the motion to quash the third-party Subpoenas is **DENIED** for lack of standing.

II.     **Merits**[1]

Even assuming *arguendo* that CTM has standing, "the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted." *Refco*, 2014 WL 5420225, at *6. Thus, the Court considers CTM's relevancy arguments to weigh the probative value of the information sought against CTM's privacy interests. "The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case." *Athalonz, LLC v. Under Armour, Inc.*, No. 24 Misc. 47, 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024).

Adomni has met the relevance standard. Subpoenas issued under Rule 45 "are subject to the relevance requirement of Rule 26(b)(1)." *Malibu Media, LLC v. Doe*, No. 15 Civ. 3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016). Relevance is construed broadly. *See SEC v. Rayat*,

---

[1] On the merits, CTM's motion seems to raise an undue burden challenge, independent of its asserted privacy interest. *See* CTM Mem. 9–11; *see also* CTM Reply 5–7. As a non-recipient, however, CTM does not have standing to challenge the subpoena on this ground. *See Silverstone Holding Grp., LLC.*, 2023 WL 163256, at *2 ("Because [movant] is not the recipient of the subpoena, it does not have standing to challenge the subpoena on the independent grounds of undue burden or relevance"); *In re Subpoenas Served on Lloyds Banking Grp. PLC*, No. 21 Misc. 376, 2021 WL 3037388, at *2 (S.D.N.Y. July 19, 2021) (same); *Universitas Educ., LLC,* 2013 WL 57892, at *5 (collecting cases). A non-recipient may, however, raise the relevance of the evidence sought by a subpoena for purposes of balancing the relevance of the information sought against the movant's protected interest. *See Refco*, 2014 WL 5420225, at *6.

6

No. 21 Civ. 4777, 2022 WL 1423300, at *2 (S.D.N.Y. May 5, 2022). The federal rules favor "full and complete discovery." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003).

Adomni explains that the information sought is "relevant to Adomni's damage claims on its trade secrets and tortious interference causes of action, as Adomni seeks to recover any monies improperly earned by CTM." Adomni Opp. 5. Moreover, CTM has not articulated a legitimate privacy interest in preventing the release of documents. Other than the allegation that such an interest exists, *see* CTM Mem. 10, the movant fails to inform the Court how any relevant privacy interests would be negatively impacted by disclosure of the documents. Indeed, "from an evidentiary viewpoint, [movant] thus has not satisfied its burden of establishing that the information is confidential and that disclosure would be harmful to it." *BLST Northstar, LLC v. Atalaya Captial Mgmt. LP*, No. 24 Misc. 66, 2024 WL 2279195, at *5 (S.D.N.Y. Mar. 12, 2024). As relevant here, the parties' protective order also allows third parties to designate documents as confidential, and "such material shall only be revealed to or used . . . for the purposes of assisting in this action." *See* Stipulated Protective Order 2(a)–(b), ECF No. 21.

On the record before the Court, the relevance of the documents to the claims in this action outweigh CTM's alleged privacy interest. To the extent that there is any risk of harm from the disclosure of the information, that harm can be eliminated by the stipulated protective order.

## CONCLUSION

For the reasons discussed herein, the Court **DENIES** CTM's motion to quash the Subpoenas. To the extent they have not already done so, the third parties are ordered to produce the requested records by **December 6, 2024.**

Pursuant to the Court's October 29, 2024 Order, *see* ECF No. 47, the Court directed the parties "to comply with all other discovery obligations and deadlines" pending resolution of this motion. Since the discovery closed on October 30, 2024, *see* ECF No. 45, the Court concludes

7

that reopening discovery for the *limited* purpose of enforcing the Subpoenas is appropriate.[2] Because the Court has extended discovery on three separate occasions, *see* ECF Nos. 24, 39, 44, the parties are cautioned that no further extensions will be granted absent extraordinary circumstances.

The Clerk of Court is respectfully directed to close ECF No. 34.

SO ORDERED.

Dated: November 19, 2024
New York, New York

                                                  DALE E. HO
                                       United States District Judge

---

[2] The expert discovery deadline remains January 3, 2025, *see* ECF No. 45. But the interim deadlines for expert disclosures may be extended by written consent of all parties without application to the Court, provided that expert discovery is completed by January 3, 2025. The Court will conduct a case management conference following the close of discovery on January 9, 2025, at 12:30 p.m. ET. The parties shall join the conference by dialing (646) 453-4442 and entering the conference ID: 641 221 342, followed by the pound sign (#). The parties shall submit a joint status letter by January 2, 2025. The letter shall state whether any party intends to file a dispositive motion. The letter shall further describe the efforts the parties have made to settle the action and state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge. The parties shall submit a Joint Pretrial Order to the Court by January 17, 2025.