UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADOMNI, INC.,

Plaintiff-
Counterclaim Defendant,

v.

CLEARTRUST MEDIA, LLC, and CTMEDIA, LLC,

Defendants-
Counterclaimants.

23 Civ. 10338 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court are several motions to seal filed by Plaintiff-Counterclaim Defendant Adomni, Inc. ("Adomni") and Defendant CT Media, LLC ("CT Media") and Defendant-Counterclaimant ClearTrust Media, LLC ("CTM") (collectively, "Defendants"), and third-party movant Butler Till. The Court previously ordered the parties to file simultaneous renewed motions to seal with more tailored redactions and proper justifications for the sealing requests under Second Circuit precedent. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006). On review, the sealing requests are **GRANTED** in full.

The Court applies a three-part inquiry to determine whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the

resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). "A further countervailing consideration is the privacy interests of innocent third parties which should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *In re Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

The Court concludes that each of the documents sought to be sealed contains "proprietary business information that, if revealed, would place the movant at a competitive disadvantage." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). The Parties have substantially limited their sealing requests to only those including contractual arrangements,

confidential pricing information, strategy memoranda, and internal customer data analyses. Adomni Mot. to Seal, ECF No. 96; CTM Mot. to Seal, ECF No. 97. Third Party movant Butler Till has also made an adequate showing that disclosure of "proprietary advertising campaign parameters" would "undermine Butler/Till's bargaining position in the marketplace." Butler-Till Third Party Mot. to Seal at 2, ECF No. 95.

The Court concludes that the competitive harm the Parties would suffer from disclosure outweighs any generalized public interest. *See Lugosch*, 435 F.3d at 120. The public will still have ample information available to understand the underlying dispute, as the critical facts relevant to the dispute are fully disclosed without redactions in publicly filed briefs and Local Rule 56.1 statements. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"). And disclosure of this material would provide no meaningful benefit to the public, where, as here, there is only "limited public, as distinguished from private, interest" in the information, the presumption of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Inc.*, 347 F. App'x 615, 617 (2d Cir. 2009).

Accordingly, the Motions to Seal are **GRANTED**. The Parties are directed to file the documents that are no longer to be sealed on the public docket by September 10, 2026.

The Clerk of Court is respectfully requested to terminate ECF Nos. 95 and 97.

SO ORDERED.

Dated: August 26, 2026

New York, New York

DALE E. HO
United States District Judge